LUKE FITZSIMMONS, Respondent, *v.* LESLIE C. ROBERTS and Another, Appellants, Impleaded with ALFRED D. HADLEY and Others, Defendants.

Fourth Department, January 4, 1933.

*W. Alfred Brim*, for the appellants.

*J. Carl Fogle* of counsel [*E. G. Parker* with him on the brief], for the respondent.

PER CURIAM. The order should be affirmed upon the ground that the defenses and the counterclaim set up in the amended answer of the defendants Roberts are insufficient as a matter of law. These parties are mortgagor-defendants in an action to foreclose a real

estate mortgage. Defendants Hadley are their grantees of the premises. In the deed to the Hadleys they took subject to the said mortgage and also assumed and agreed to pay the amount secured by the mortgage and accompanying bond. After this action was started, the Hadleys reconveyed the premises to defendants Roberts by a quitclaim deed in which the bond and mortgage were not mentioned. Defendants Hadley have defaulted. Defendants Roberts in their answer set up an alleged agreement made after the execution of the bond and mortgage whereunder the time and manner of payment of the principal was changed. This alleged contract, as pleaded, was entirely without consideration. Defendants Roberts also plead that the said mortgage and bond are usurious. There is nothing before the court to indicate that the amount of the mortgage was not deducted from the consideration when the property was coveyed to the Hadleys.

Upon this record it is clear that defendants Hadley could not set up the defense of usury; that defendants Roberts have waived any such defense which they may have had as mortgagors or might now have as final grantees. (Gen. Business Law, §§ 373, 377; Smith v. Cross, 16 Hun, 487; Beecher v. Ackerman, 1 Abb. Pr. [N. S.] 141; Bennett v. Bates, 94 N. Y. 354, 371; Harrington v. Slade, 22 Barb. 161; Morris v. Floyd, 5 id. 130; Shufelt v. Shufelt, 9 Paige Ch. 137; Berdan v. Sedgwick, 40 Barb. 359; Schermerhorn v. Talman, 14 N. Y. 93; 27 R. C. L. 288, 289; Clark Investment Co. v. Cunningham, 108 Kan. 703.)

The condition in the order appealed from, which has been accepted by respondent, is entirely to the advantage of appellants and is not a subject of reasonable complaint by them.

All concur.

Order and judgment affirmed, with costs.