SADIE GRUSHKIN, Plaintiff, *v.* BENJAMIN FEINBERG and Another, Defendants.

City Court of New York, Trial Term, Bronx County, December 22, 1936.

*Max Ornstein,* for the plaintiff.

*Daniel Levy,* for the defendant.

DONNELLY, J. The action is upon a promissory note dated January 19, 1930, for the sum of $1,500 payable on demand to the order of Sadie Grushkin, this plaintiff, executed and delivered to her by the defendant Benjamin Feinberg, and indorsed before delivery by the defendant Grace G. Feinberg.

Plaintiff is Benjamin Feinberg's aunt.

On the trial plaintiff rested on the note. Her name was called by defendant's counsel as defendant's first witness; she did not then, or at any subsequent stage of the trial, appear.

The note in suit was given in renewal of a note dated January 8, 1926, for the same amount, and it was given for a loan of $1,500 by plaintiff to the defendant Benjamin Feinberg.

At the time the first note was given there was an agreement between plaintiff and the defendant Benjamin Feinberg that he would pay to plaintiff on the loan interest at the rate of twelve per cent per annum. In corroboration of this agreement, six checks were offered and received in evidence. Each of these checks was made by the defendant Benjamin Feinberg to plaintiff in sums representing interest on the $1,500 loan at twelve per cent, the first check being dated July 8, 1926, and the last July 16, 1928.

Two contentions are urged by plaintiff: *First*, that the evidence to show a usurious agreement is incompetent, for the reason that it violates the parol evidence rule; and, *second*, that as the note upon its face does not make any provision for the payment of interest, it was optional with defendant Benjamin Feinberg to pay interest or not to pay interest, and, therefore, the interest actually paid was not given pursuant to a usurious agreement.

So far as plaintiff's first contention is concerned, the rule that parol evidence may not be received to contradict or to vary or to modify the terms of a written agreement is not involved. The evidence offered was received not to contradict or to change the terms of the note but to show that the agreement between plaintiff and the defendant Benjamin Feinberg never had a valid, legal inception. The agreement to loan the money and to receive for the forbearance of the money a rate of interest in excess of the legal rate was void *ab initio*. The taint of usury, which attached to the transaction from the very beginning, could not be erased by the making and delivery of the note. "All * * * notes * * * whereupon or whereby there shall be reserved or taken * * * any greater sum, or greater value, for the loan or forbearance of any money * * * than as above prescribed, shall be void. Whenever it shall satisfactorily appear by the admissions of the defendant, or by proof, that any * * * note, * * * contract, security or any evidence of debt, has been taken or received in violation of the foregoing provisions, the court shall declare the same to be void, and enjoin any prosecution thereon, and order the same to be surrendered and cancelled." (Gen. Business Law, § 373. See, also, Gen. Business Law, §§ 370, 371.) The statutes of this State fix the rate of interest upon the loan or forbearance of money at $6 upon $100 for one year and at that rate, for a greater or less sum, or for a

longer or shorter time, forbid the taking of a greater rate. The statute is peremptory and unequivocal in enacting that a usurious obligation is absolutely void. (*Sabine* v. *Paine*, 223 N. Y. 401, 405.) In *Campbell* v. *Connable* (98 N. Y. Supp. 231) it was held that the circumstance that a contract is in writing does not exclude parol evidence that the written instrument is but a cloak for a usurious transaction, citing *Knickerbocker Life Ins. Co.* v. *Nelson* (78 N. Y. 137, 149). In *Bethlehem Finance Corp.* v. *Schuller* (124 Misc. 741) the action was to recover money loaned and certain counsel fees which respondent contended it was obliged to pay by reason of the appellant's default. As at bar, the answer contained the defense of usury. A chattel mortgage was executed for the purpose of securing the loan made. The court said (p. 742): " Appellant's counsel, in his effort to establish the defense of usury, sought to elicit certain proof which the trial justice declined to receive on the theory, apparently, that all oral understandings, had prior to the execution of the mortgage, were deemed to be merged within it. This was not a proper application of the rule and resulted in foreclosing appellant from presenting evidence which unquestionably was admissible. (Citing *Campbell* v. *Connable*, 98 N. Y. Supp. 231.) The proof was clearly material, as it might well warrant the imputation that subterfuge was resorted to in effectuating this loan; a means ostensibly legal, actually usurious. Defendant certainly had the right to prove an excessive and illegal exaction of interest. If this were not so, the means merely legal on its face could successfully be employed to defeat the statutory inhibition against usury. But it must be so, as no device to evade the statute, so as to enable the lender to receive more than legal interest will remove the taint of usury. The courts will always look to the real nature and not to the apparent form which the parties may see fit to give to a transaction." If the court can see that the real transaction was the loan or forbearance of money at usurious interest, its plain and imperative duty is to so declare and hold the security void. (*Grannis* v. *Stevens*, 216 N. Y. 583, 591.) If the very words of a contract are to be taken as a representation which estops the party who makes the obligation from interposing a defense inconsistent with that representation, then all contracts must be deemed valid which appear to be so on their face, and not only usury, but duress and fraud, can no longer be alleged. (*Schnitzer* v. *Husted*, 18 N. Y. Supp. 156, 157.) The defense of usury is one which the debtor may make, even though it contradicts the written agreement. (*Houghton* v. *Burden*, 228 U. S. 161, 170.) Parol evidence may be given to show that the transaction is tainted with usury, notwithstanding the fact that the writing would indicate that it was lawful. (*Von Haus* v. *Soule*, 146 App. Div. 731, 734,

citing *Mudgett* v. *Goler*, 18 Hun, 302; *Orvis* v. *Curtiss*, 157 N. Y. 657.)

Plaintiff's claim that usury may not be predicated of an agreement to loan money which gives the borrower the option of paying or withholding the payment of interest is untenable. At bar the bargain did not originate on January 19, 1930, the date of the note in suit. The transaction had its inception in January, 1926, when the loan and the agreement to pay interest thereon at the rate of twelve per cent per annum was made. The original transaction, void for usury in its inception, continues void forever. (*Sabine* v. *Paine, supra.*)

Defendant's motion to dismiss the complaint is granted; plaintiff's motion to dismiss the affirmative defense of usury is denied; exception in each instance. Ten days' stay and thirty days to make and serve case.