In the Matter of the Claim for Benefits under Article 18 of the Labor Law Made by MARY PALMER, Respondent. FRIEDA S. MILLER, as Industrial Commissioner, Respondent; EDWARD P. MULLIN, Appellant. In the Matter of the Claim for Benefits under Article 18 of the Labor Law Made by MICHAEL DEL BUONO, Claimant, Respondent; FRIEDA S. MILLER, as Industrial Commissioner, Respondent; MICHAEL H. GORNSTON, Appellant.— Appeals by two custodian engineers employed by the board of education of the city of New York to care for and maintain two public schools in that city. A given sum of money is allotted to a custodian for the care, cleaning and maintenance of the school of which he has control. He employed assistants with the approval of the board of education, which fixes the hours of work and the minimum wage. These custodians were selected under the statutes and rules governing civil service employees, and belong to the State Retirement Fund, to which contributions are made upon the salary fixed by the board of education. The claimants were not employees of the custodian. The decisions of the Unemployment Insurance Appeal Board reversed and claims dismissed. Hill, P. J., Crapser, Heffernan and Foster, JJ., concur; Bliss, J., dissents, with a memorandum. Bliss, J. (dissenting). The proof shows that these appellants, who were the custodian engineers of their respective schools, each received a lump sum annually from the board of education for the care and maintenance of the school premises. They hired their own help and discharged such help at will. The lump sums paid to them by the board of education were received personally and deposited in their own names. The cleaners and other help hired to do the work were paid by the appellants personally and not by the board of education. Any surplus in the lump sums remaining at the end of the year was the personal property of the appellants and any deficit had to be made up by them personally. The Unemployment Insurance Appeals Board has found as a fact that these claimants were the employees of the appellants. In *Bederman* v. *McNamara* (268 N. Y. 510) similar custodian engineers were held to be independent contractors and liable for the payment of workmen's compensation to the employees of a subcontractor who carried no insurance. The decisions should be affirmed.

In the Matter of the Claim for Benefits under Article 18 of the Labor Law Made by EVELYN FAY FEINBERG, Respondent. FRIEDA S. MILLER, as Industrial Commissioner, Respondent; AMERICAN YVETTE Co., INC., Employer, Appellant.— Appeal from a decision of the Unemployment Insurance Appeal Board which found as a fact that claimant received in her employment, as tips or gratuities, the sum of one dollar per day during the term of her employment. There is evidence to sustain the finding. Decision unanimously affirmed. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.