In the Matter of the Liability for Unemployment Insurance Contributions under Article 18 of the Labor Law of MODEL TAXI CORPORATION, Appellant. FRIEDA S. MILLER, as Industrial Commissioner, Respondent. In the Matter of the Liability for Unemployment Insurance Contributions under Article 18 of the Labor Law of STAR TAXI CORPORATION, Appellant. FRIEDA S. MILLER, as Industrial Commissioner, Respondent.— Appeals from decisions of the Unemployment Insurance Appeal Board, dated August 6, 1940, affirming decisions of a referee, dated April 12, 1940, holding twelve and one-half per cent of the gross bookings of each of the above employers to be a fair and just amount to be added to the wages of taxicab drivers as tips for the purpose of computing the contributions due from appellants. Decisions unanimously affirmed, with costs as in one appeal to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.

MICHAEL HOWARD, Respondent, v. DeVEBER KIRKPATRICK and Others, Defendants, and GERTRUDE S. CHAPPELL, Appellant.— This action is brought for the foreclosure of four certain mortgages given by the defendant DeVeber Kirkpatrick to plaintiff Michael Howard. Subsequent to the making of these mortgages the real property was transferred by Kirkpatrick to defendant Gertrude S. Chappell by deed which conveyed the said property subject to the said four mortgages. In April, 1941, the defendant Gertrude S. Chappell conveyed the property to one Eileen E. Fleming by deed which recited that the premises were conveyed subject to the four mortgages heretofore referred to. Thereafter, in May, 1941, Eileen E. Fleming transferred the property back to Gertrude S. Chappell by deed which recited that such conveyance was made subject to mortgages held by Howard. No part of the principal was paid on these mortgages after the property was taken over by Gertrude S. Chappell. In this action for foreclosure of the said mortgages Gertrude S. Chappell served an answer setting up the defense of usury as to one of the four mortgages. On motion, the court struck out defendant Chappell's answer and granted summary judgment. It is from such order that this appeal is taken. The court held that the defense of usury is personal and may be waived by the borrower and that a conveyance subject to usurious mortgage constitutes such waiver. The property having been conveyed subject to these mortgages, the judgment and order must be affirmed. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.