In the Matter of MARIAN RASKIN, Doing Business as MARIAN BEAUTY SHOP, Appellant.

EDWARD CORSI, as Industrial Commissioner, Respondent.

Third Department, March 6, 1946.

*Louis Bennett*, attorney for appellant.

*Nathaniel L. Goldstein, Attorney-General (Orrin G. Judd, Solicitor-General; Otto W. G. Marquard, Francis R. Curran, Assistant Attorneys-General* of counsel), for respondent.

HEFFERNAN, J. The facts in this case are stipulated.

The employer is now, and during the time involved in this controversy, has been, engaged in the operation of a beauty parlor. She employs operators who perform personal service on female customers in connection with the care, treatment and adornment of the hair, nails or skin and for the enhancement of their personal appearance.

It is conceded that tips or gratuities amounting to 10% of their wages were received from the patrons by these employees in the course of their duties, which the employer permitted them to accept. The employer has never paid insurance contributions based upon such tips.

About September 9, 1943, an audit was made of the payroll books and records of the employer for the period commencing January 1, 1936, and ending June 30, 1943, by an examiner connected with the Division of Placement and Unemployment Insurance. On October 6, 1943, the commissioner made a written demand upon the employer to file a report including as " wages " the amount received by her employees in the form of gratuities. With this demand she declined to comply.

Thereafter and on November 12, 1943, based on the audit of her records the Industrial Commissioner made an assessment against the employer for contributions due the New York State Unemployment Insurance Fund in the sum of $114.96 for the period commencing January 1, 1936, and terminating June 30, 1943. After the commissioner's determination the employer demanded and was accorded a hearing before an unemployment insurance referee who overruled her objections. His decision was affirmed by the Appeal Board and from the latter decision the employer has come to this court.

Subdivision 1 of section 517 (formerly § 502, subd. 6) of article 18 of the Labor Law provides: " ' Remuneration ' means every form of compensation for employment paid by an employer to his employee; whether paid directly or indirectly by the employer, including salaries, commissions, bonuses, and the reasonable money value of board, rent, housing, lodging, or similar advantage received. Where gratuities are received by the employee in the course of his employment from a person other than his employer, the value of such gratuities shall be determined by the commissioner and be deemed and included as part of his remuneration paid by his employer."

On this appeal the employer asserts (1) that the grant of power to the Industrial Commissioner to determine the value of gratuities and to include the same as part of the assessable remuneration under the quoted section of the Labor Law is an unconstitutional delegation of legislative functions to an administrative officer; and (2) that the levying of an assessment for gratuities for any period prior to November 25, 1942, the date of the promulgation of the regulation fixing the basis therefor, is unconstitutional.

We may take judicial notice of the fact that the practice of tipping is quite general in occupations where personal service is rendered. As this court said in *Sloat* v. *Rochester Taxicab Co.* (177 App. Div. 57, 60, affd. 221 N. Y. 491): " The whole theory of tipping, as at present understood in the usual practice, is a payment made in order to get reasonable service, and is an exaction made or permitted by the employer so that his patrons shall help him pay the wages which are fairly due from him to his employee."

We are bound to assume that the Legislature was fully aware of the prevalent practice of tipping when in defining " remuneration " received by an employee for unemployment insurance purposes, it included gratuities. We are also cognizant of the fact that the employer and not the employee only is the recipient of the benefit of the tip usually paid. The tips form a basis upon which the weekly benefit rate of an unemployed person is established, and likewise form part of the employer's payroll upon which contributions are payable. This provision has been in the Unemployment Insurance Law (Labor Law, art. 18) since its enactment in 1935.

We cannot subscribe to the employer's argument that the Legislature has delegated its " power to tax " to the commissioner. The Unemployment Insurance Law establishes a system for the payment of benefits to eligible unemployed workers. These benefits are based upon the imposition of contributions

upon defined employers (§ 550). Each liable employer is required to pay contributions "in an amount equal to two and seven tenths per centum of his payroll". "Payroll" means all wages paid by an employer to his employees (§ 519). "Wages" means the first three thousand dollars of remuneration paid to an employee by each of his employers with respect to employment during any calendar year (§ 518). The Legislature has fixed the tax and has decreed that it shall be paid at a given rate upon the "payroll". The commissioner is simply authorized to establish the amount of the "payroll" and that is precisely what he does when he establishes the value of the gratuities received by the employees in question.

In matters of taxation the subject matter of the tax is fixed by the Legislature. Officials charged with the enforcement of the tax determine the applicability of the statute and the amount of the tax. That is all the commissioner has done in this case. The authority conferred on the commissioner does not violate any provision of the Constitution. (*Village of Saratoga Springs* v. *Saratoga Gas, etc., Co.*, 191 N. Y. 123; *Bronx Gas & Electric Co.* v. *Maltbie*, 268 N. Y. 278; *Matter of International R. Co.* v. *Pub. Serv. Comm.*, 264 App. Div. 506; *Matter of Kings County Lighting Co.* v. *Maltbie*, 244 App. Div. 475; *People ex rel. Broderick* v. *Goldfogle*, 213 App. Div. 677, affd. 242 N. Y. 540.)

The employer's second point is devoid of merit. On November 25, 1942, a regulation was promulgated by the commissioner fixing the basis of contributions with respect to tips received by employees of beauty parlor operators at 10% of the wages of such employees. Since prior to that date there was no such regulation the employer contends that she is not liable for any contributions received by employees prior thereto. The answer to that argument is that tips have been included in the wage base of an employee since the enactment of the law in 1935. That being so no regulation was necessary to make the employer liable for contributions based thereon. The statute always made it the duty of the employer to report such tips as part of the employee's wages. This question is no longer an open one in this court. In prior decisions we have ruled adversely to the employer's contention. (*Matter of Feinberg*, 258 App. Div. 834; *Matter of Model Taxi Corporation*, 263 App. Div. 776, leave to appeal denied, 287 N. Y. 854.)

The decision appealed from should be affirmed, with costs.

All concur.

Decision affirmed, with costs to the Industrial Commissioner.