■ ANTHONY W. SCHULER et al., Appellants, v. ANTHONY J. SCHULER et al., Respondents.— Order unanimously reversed, on the law, without costs, and motion granted. Memorandum: In this action the appellants mortgagees seek to foreclose a mortgage executed by their son and his former wife Dian G. Schuler, the respondent. While both the son and former daughter-in-law were mortgagors and named as defendants in the action, the defendant son apparently did not answer and does not appear as a respondent in this appeal. The mortgage, in the amount of $14,500, was executed by defendants during their marriage and called for regular payments of principal and interest. There is an unpaid balance of $9,127 together with interest from November 1, 1973, the alleged date of the default. As a part of a settlement agreement at the time of the divorce, it was agreed that the wife could reside in the premises rent free until September 1, 1973. At that time the premises were to be sold, the mortgage satisfied and any excess moneys divided between the husband and wife. The wife's answer consists of a general denial and pleads the affirmative defense of payment. She also alleges that the appellants improperly collected rents and profits of the other apartment in the building without her consent and failed to apply them to the mortgage debt. Appellants moved for summary judgment. County Court denied the motion and the parties were ordered to list the property with a named realtor and to co-operate with him in selling the property. The wife's affidavits opposing the motion for summary judgment are not sufficient to raise any issue of fact requiring trial. Her allegation of payment is unsupported by any evidence. Furthermore, if the mortgage was changed to defer payment, such change was not in writing and was without consideration. It is, therefore, unenforceable (General Obligations Law, § 5–1103; cf. *Fitzsimmons* v. *Roberts,* 237 App. Div. 467). The separation agreement between the two mortgagors could not alter their obligation to the mortgagees. With respect to her second defense, it does not appear that the apartment was rented at the time of the default or that there were rents which should have been applied to the debt. On the contrary, it is alleged by appellants, and not denied, that the respondent former wife remained in the premises after September 1, 1973 and that pursuant to the terms of the separation agreement the responsibility for payment after that date belonged to her if she failed to vacate the property. (Appeal from order of Erie County Court in action to foreclose mortgage.) Present — Marsh, P. J., Witmer, Simons, Mahoney and Goldman, JJ.