Tracey Service Co., et al. Appeals.

Argued December 12, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Howard Gittis*, with him *Alan J. Davis, Steven B. King*, and *Wolf, Block, Schorr and Solis-Cohen*, for appellants.

*Harry S. Tischler*, Assistant Attorney General, with him *Lon M. Cobrin*, Assistant Attorney General, and *Walter M. Phillips, Jr.*, Deputy Attorney General, for appellee.

OPINION BY PRICE, J., February 18, 1976:

In September, 1975 appellants were subpoenaed by the January, 1974 Philadelphia Special Investigating Grand Jury.[1] The subpoena was approved in advance by Judge BULLOCK, Supervising Judge of the Grand Jury, and was

---

1. The authorization for this Grand Jury expired December 19, 1975. Because circumstances indicate the possibility that this question will arise in the future, mootness does not eliminate the necessity of an opinion.

issued in connection with an investigation. *See In Re Falone,* 464 Pa. 42, 346 A.2d 9 (1975) and *In Re Martorano,* 464 Pa. 66, 346 A.2d 22 (1975).

Motions to quash the subpoenas were filed before Judge BULLOCK, who, after receiving briefs and hearing arguments, and also obtaining an *in camera* disclosure of relevant facts from the Assistant Attorney General in charge of the case, denied the motions in their entirety. Judge BULLOCK further denied the appellants' petition for certification of appeal pursuant to the provisions of the Appellate Court Jurisdiction Act.[2] It is from the order denying the motions to quash that this appeal was taken.

This appeal was specially allowed and a supersedeas granted by order of this Court dated October 24, 1975. The allowance of a special appeal and a supersedeas was improvidently granted. The order of the lower court was clearly interlocutory, was not certified by the lower court pursuant to the provisions of the Appellate Court Jurisdiction Act of 1970, and under these circumstances this appeal should have been quashed immediately.[3] We have consistently so held and have most recently discussed interlocutory orders in *Commonwealth v. Bennett,* 236 Pa. Superior Ct. 509, 345 A.2d 754 (1975).

The appeal is hereby quashed.

VAN DER VOORT, J., did not participate in the consideration or decision of this case.

---

2. Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 223, Art. I, §101 (17 P.S. §211.101) *et seq.* (Supp. 1975-76).

3. Whether or not certification may have required a different conclusion need not be reached in this appeal.