386 A.2d 124

**Lillie MILLER, Appellant,**

v.

**E. C. KRUG, III, M.D., and Columbia Hospital of Pittsburgh, a corporation**

v.

**ASTRA PHARMACEUTICAL PRODUCTS, INC.**

Superior Court of Pennsylvania.

Argued April 14, 1977.

Decided April 28, 1978.

40

James P. McKenna, Jr., Pittsburgh, for appellant.

Robert C. Little, John R. McGinley, Jr., and Bruce E. Woodske, Pittsburgh, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

In 1972 appellant began a trespass action against appellees Krug and Columbia Hospital, alleging negligent medical treatment. In April 1974 the Hospital served interrogatories on appellant. On November 22, 1974, upon motion of the Hospital under Pa.R.Civ.P. 4019(a)(1) & (c)(2), the lower court ordered appellant to answer the interrogatories within twenty days, or be barred from offering "any testimony at trial as to damages." Appellant filed no answers.[1]

1. At least so appellant's brief states. However, the docket states: "Dec. 12, 1974 [*i. e.*, twenty days after the order compelling answers] Pltfs Answers to Defts Columbia Hospital Interrogs filed." The printed record does not contain these answers, but the official record does. We find these facts, and the omission of any reference to them, puzzling.

Appellant's answers were perhaps flawed because she herself did not sign them; according to appellant's first counsel's affidavit attached to the answers, appellant was "not available." Whether

On June 12, 1975, appellant's then counsel withdrew from the case. Some time later in the summer of 1975 (the docket does not show when), appellant's present counsel entered his appearance.

On September 4, 1975, appellant and her counsel attended a pre-trial conciliation conference, without, however, having first filed a pre-trial statement as required by Allegheny County Local Court Rule 212 VI A.[2] The outcome of the conference is not of record, nor is it described in any of the briefs on appeal.

On September 12, 1975, appellant filed a motion to strike the order of November 22, 1974—the order that barred any testimony as to damages. On October 14, 1975, after argument, the lower court denied the motion.

answers signed only by counsel and not by the answering party are valid depends on interpretation of Pa.R.Civ.P. 4006, which requires, in pertinent part: "The answers shall be signed by the person making them . . . ." Goodrich-Amram assumes that this means that in a case of an individual party, the party himself must sign the answers. Goodrich-Amram § 4006–1 (1962). This may be questionable; cf. Pa.R.Civ.P. 1024(c), which recognizes that in certain circumstances, counsel may in the absence of his client sign a pleading. We do not express an opinion on this issue but only note it.

2. Local Rule 212 provides in pertinent part:

VI. In all trespass actions, and in all other forms of action to the extent this rule may be applicable:

A. Plaintiff, within thirty (30) days after notice of a pre-trial conciliation conference as provided in Paragraph II hereof:

1. Shall serve upon all parties a written statement containing:

. . . .

b. The names and addresses of all persons who may be called as witnesses, classifying them as liability and/or damage witnesses.

c. Medical reports of any doctor who treated, examined, or was consulted in connection with the injuries complained of, and who may be called as a witness.

d. The reports of any expert whose opinion will be offered in evidence at the time of trial. Such reports shall include the findings and conclusion of the expert.

. . . .

E. Witnesses whose identities have not been revealed as provided in Paragraph VI A.l.b. . . . or whose reports have not been furnished under VI A.l.c. and d. . . . , supra, will not, under any circumstances whatsoever, be permitted to testify at the subsequent trial of the case.

On September 10, 1976, appellant's counsel filed a "supplemental" pre-trial statement, naming an expert witness whom he proposed to call at trial, and including a copy of the expert's report on his examination of appellant. Appellees moved to strike the statement on two grounds: first, because it was untimely filed, see Local Rule 212 VI A., supra note 2; and second, because the expert's report contained information on appellant's alleged damages. On October 14, 1976, the lower court granted the motion to strike on the ground of untimeliness. The effect of this order was to bar appellant's expert witness from testifying at trial. See Local Rule 212 VI E., supra note 2.

On November 1, 1976, the lower court certified a question for appeal to us, in the following form:

### STATEMENT FOR CERTIFICATION OF APPEAL

AND NOW, this 1st day of November, 1976, at the request of counsel for the plaintiff in the above captioned case, this Court hereby certifies that the Order entered on the 14th day of October, 1976 involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of the matter.

R. 141a.

On November 29, 1976, we granted appellant's petition for permission to appeal.

On appeal appellant raises two questions: (1) Whether the lower court abused its discretion in entering the order of November 22, 1974; (2) Whether the lower court abused its discretion in entering the order of October 14, 1976. For the reasons that follow, we find that permission to appeal was improvidently granted, and that the appeal must be quashed.

### *Appeal from Order of November 22, 1974*

As is apparent from the statement for certification, quoted above, the lower court did not certify to us the

question of the propriety of its order of November 22, 1974. We therefore have no jurisdiction to hear an appeal from that order. Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, art. V, § 501, 17 P.S. § 211.501 (Supp.1977); *In re January 1974 Special Investigating Grand Jury*, 238 Pa.Super. 476, 357 A.2d 633 (1976).[3]

### *Appeal from Order of October 14, 1976*

 The lower court did certify to us the question of the propriety of its order of October 14, 1976. However, in a proper case we may decline to exercise our jurisdiction over such an appeal. Appellate Court Jurisdiction Act, *supra*, 17 P.S. § 211.501(b); *Commonwealth v. Rucco*, 229 Pa.Super. 247, 324 A.2d 388 (1974) (dictum). Here, we have decided that we should decline, for upon reflection we disagree with the lower court that the certified question meets the criteria set forth by the Appellate Court Jurisdiction Act, 17 P.S. § 211.501(b).

First, we disagree that deciding the certified question now will "materially advance the ultimate termination of the

**3.** Appellant assumes that the order of Nov. 22, 1974, was interlocutory. However, in a petition to quash, appellees cite *Myers v. Travelers Ins. Co.*, 353 Pa. 523, 46 A.2d 224 (1946); *Scharfman v. Philadelphia Transp. Co.*, 234 Pa.Super. 563, 340 A.2d 539 (1975); and Goodrich-Amram § 4019(a)–12 (1962), for the proposition that the order was final and appealable because by barring any testimony as to damages it effectively put appellant out of court. Therefore, appellees argue, since appellant took no appeal from the order within thirty days, the present appeal from the order should be quashed as untimely.

Appellant counters that

the evidence inherent in the proof of liability that the injection caused paralysis is admissible on the issue of liability, regardless of the effect of the Order of Court entered Nov. 22, 1974. The evidence of paralysis resulting from improper medical treatment thus having been admitted, the jury is entitled to award damages without receiving any additional testimony on the damage issue. Appellant's Answer to Petition to Quash, at 2–3.

We see no need to resolve this issue. If appellant is right, she is nevertheless not properly before us because the order—interlocutory, as appellant argues—has not been certified to us. If appellees are right, appellant is likewise not properly before us because the appeal is untimely. The result is the same in either case: the appeal must be quashed.

matter." If we affirmed the order, appellant would go to trial without her expert witness—exactly the situation if she had not taken this appeal. If we reversed the order, appellant would go to trial with her expert witness—exactly the situation if appellant had waited until trial without her expert was over and then (assuming she lost) on direct appeal we reversed and ordered a new trial with her expert. To be sure, some time would be saved in the second situation if we were to decide now whether the expert should be allowed to testify, but that may be said of any interlocutory ruling that may potentially be reversed on direct appeal. We cannot see a distinction between the particular order here, barring the expert, and many other pretrial orders on discovery, or rulings during trial on the admissibility of evidence.

Second, we disagree that the order "involves a controlling question of law as to which there is a substantial ground for difference of opinion." To begin with, it is unlikely that any question of abuse of discretion would fall within this category. Speaking generally, appellate courts find abuse of discretion only in flagrant cases; almost by definition, a flagrant case is one where there is *not* "a substantial ground for difference of opinion." Furthermore, we are not quite sure what "the question" is, which inhibits us from deciding whether the lower court abused its discretion. In explaining its order, the lower court said:

[I]t appearing to the Court that the matter has been conciliated and on 21 September 1976 it was advertised as being scheduled for trial—and is so scheduled for jury trial—on Wednesday, November 17, 1976, and that permitting the filing of the Supplemental Pre-Trial Statement would force re-scheduling of the jury trial until May of 1977, the interim jury trial schedules having already been filled, and would require allowing time for retaining additional experts' reports by Defendants and the Additional Defendant, and that the matter was not progressed [*sic*] with diligence by the claimant, and it is now five years since the incident complained of occurred, Defendants'

Motions, joined in by Additional Defendant are granted and Plaintiff's Pre-Trial Statement is stricken from the record.

R. 140a.

While this does seem to say that appellant's statement was stricken as untimely, we also note the following docket entry: "And Now, Oct. 15, 1975, Ordered to Jury Trial— Sept. 4, 1975 [*sic*]—Discovery to Remain Open." R. 2a. What did the lower court mean by the words, "Discovery to remain open"? Why should it remain open? For how long? And for what purposes?

Under these circumstances, we have concluded that the case will proceed in a more informed, orderly, and expeditious manner if we remand for such further proceedings as the lower court, in response to such appropriate motions as any party may file, may direct.

The permission to appeal is vacated as improvidently granted, and the appeal is quashed.[4]

HOFFMAN, J., dissents.

PRICE, J., files a dissenting opinion.

WATKINS, former President Judge, and VAN der VOORT, J., did not participate in the consideration or decision of this case.

PRICE, Judge, dissenting:

It seems to me that in the interest of judicial economy we should not so hastily invoke the "improvidently granted" routine.[1] I believe that the questions discussed by the majority are properly before us and may be disposed of, thus greatly aiding the lower court in final disposition, and, of course, relieving this Court and the parties of the time and expense of a second appeal on the same issues.

4. Judge PRICE, in dissent, would reverse the order of October 14, 1976, thereby penalizing appellees, without, however, any suggestion that appellees have done anything wrong or that the lower court abused its discretion.

1. The writer of this opinion signed the order of November 29, 1976 granting this appeal.

The order of November 22, 1974, was a final order. *Myers v. Travelers Ins. Co.*, 353 Pa. 523, 46 A.2d 224 (1946); *Scharfman v. Philadelphia Transportation Co.*, 234 Pa.Super. 563, 340 A.2d 539 (1975). As such, the appeal is untimely, having been taken well beyond the allowable period. The order is final, and the issue is at an end. Appellant may not present any testimony as to damages, nor may that question be raised on appeal. Under this view of the matter, certification is not necessary, and there is no question concerning our jurisdiction to hear the appeal from that order. That portion of the appeal should be quashed.

The order of October 14, 1976, was certified, the appeal was accepted and I see no reason to sweep the matter under the rug by use of the "improvidently granted" routine for later disposition.

Briefly, the facts pleaded by plaintiff allege, in a complaint filed on May 31, 1972, that on November 9, 1971, she went to Columbia Hospital of Pittsburgh as an out-patient. She was complaining of arthritic pain in the area of the upper back and neck. E. C. Krug, III, M.D., was at that time on duty and administered an injection in the back of her neck. In the administration of this injection her spine was penetrated in such a manner so that she suffered allegedly permanent paralysis of both legs and of the left arm. Astra Pharmaceutical Products was joined as additional defendant.

It would seem that appellant would be out of court solely by reason of the exclusion of damage testimony, however, appellant argues that the evidence inherent in the proof of liability that the injection caused paralysis is admissible on the issue of liability, regardless of the effect of the order of November 22, 1974, and that the evidence of paralysis resulting from *improper medical treatment* thus having been admitted, the jury is entitled to award damages without receiving any additional testimony on the damage issue.[2]

2. I do not see the need of passing on this interesting theory at this time, electing, as does the majority, to at least meet that issue later.

48

The order of October 14, 1976, eliminating the possibility of any expert testimony, puts the final touch to appellant's chances in the lower court, for without such testimony I cannot see any possibility of evidence of improper medical treatment, an essential ingredient of the appellant's sole chance of success. Under my view, I think there can be no doubt that the certified question meets the criteria set forth by the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, Art. V, § 501, 17 P.S. § 211.501(b)

I agree that the order of October 15, 1975, containing the cryptic notation "Discovery to remain open" is not ideally suited to clear interpretation, but under the circumstances here presented, I would give appellant the benefit of its widest interpretation. As such, it is permission to appellant to continue the development of her case by the addition of an expert as to the liability aspect of her case. Further, since the trial has been delayed and the appellees have had the report for some time, the purposes of the local rule, relied upon originally for the striking, have been served. *See Coffey v. Faix*, 426 Pa. 421, 233 A.2d 229 (1967). I would allow the expert to testify.

I would quash the appeal as untimely as it pertains to the order of November 22, 1974, and reverse as to the order of October 14, 1976, in regard to the striking of the expert's report.