OPINION OF THE COURT
John M. Czygier, Jr., S.
The court has before it a motion to vacate and modify a decree admitting to probate an instrument dated February 12, 2010. Specifically, movant, Peconic Landing at Southold, Inc., requests the decree dated December 14, 2012 be modified to uphold the bequest to it under Paragraph FIFTH of decedent’s will.
Background
An instrument dated February 12, 2010 was offered for probate as the last will and testament of the above named decedent by the executrix nominated therein. In addition to a decree granting probate, petitioner in that proceeding specifically requested that “the Court shall determine that the gifts contained in Paragraphs Fourth & Fifth to Peconic Landing Community Fund & Peconic Landing Employees Appreciation Fund shall not be affected by reason of the Employment of Peconic Landing of the Attesting Witnesses.”
A decree was issued December 14, 2012 admitting the will to probate and holding, as discussed more fully below, that a bequest of $50,000 under Article FOURTH of decedent’s will was valid and a bequest of $100,000 under Article FIFTH of decedent’s will was invalid under EPTL 3-3.2.
In making this determination, the court has considered the motion filed herein, the affidavits in support, the affidavits in opposition, and the reply.
Movant’s First Argument
Movant argues that
“the 12/14/12 Decree is defective and violates Peconic Landing’s statutory and constitutional due process rights, because it purported to void, sua sponte, a bequest made to Peconic Landing’s Employee Appreciation Fund (‘the PLE *479 Fund’), without providing a citation or other constitutionally-sufficient notice to Peconic Landing that the Court was considering such action, or an adequate opportunity to be heard.”
This argument is without merit. First, the court did not make this determination sua sponte. Petitioner in the underlying probate proceeding specifically requested that this court make a determination on the validity of the bequest that is the subject of this proceeding.
Second, movant received notice of the probate proceeding, if not the entirety of the relief requested by petitioner. As this court is a court of public record, movant was free to review the petition for probate and the relief requested therein at any time. Movant failed to offer any pleading in support of or in opposition to the relief requested.
The court notes, and the record reflects, that Charles R. Cuddy, Esq., general counsel to Peconic Landing, acknowledges that he was aware of the probate proceeding (having been contacted by the attorney for petitioner), that a bequest was made to two separate Peconic Landing funds, and that Peconic Landing received the notice of probate (affirmation in support of Charles R. Cuddy, Esq., ¶¶ 10, 11). As noted in the “Affidavit in Opposition” of Grace L. Brodsky, executrix, it is “disingenuous for the petitioner [sic] to argue that Peconic Landing did not have sufficient notice about the question of the validity of the bequest” as she was advised, as early as February 15, 2012, that a policy had been instituted at Peconic Landing prohibiting employees from acting as witnesses to a resident’s will, as they knew “there were questions relating to the validity of the bequest.” (Aff in opp of Grace L. Brodsky ¶¶ 5, 6.)
The December 14, 2012 decision of the court was neither sua sponte nor without notice. EPTL 3-3.2 applies, and should be considered by the court, even in an uncontested proceeding (see In re Sutton, NYLJ, Nov. 23, 1999 at 33, col 2). The court will, nevertheless, reconsider its position.
Movant’s Second Argument
The second argument movant makes is that the court did not address what it describes as
“the key fact (perhaps unknown to the Court at that time) that the attesting witnesses — who each might otherwise have received a maximum of $465 of the $100,000 bequest — have disclaimed any *480 interest in the bequest and have agreed not to participate in the sharing of the proceeds given to the PLE Fund.” (Affirmation in support of motion of Anthony C. Pasca, Esq., ¶ 4.)
Before this issue can be addressed, the relevant provisions of this court’s December 14, 2012 decision follow (omitting references to the Article FOURTH bequest, which the December 14, 2012 decision upheld and to which movant does not object).
Relevant Testamentary Provision
With the request for construction of decedent’s will, the relevant paragraph of the propounded instrument provides: “FIFTH: I give and bequeath the sum of One Hundred Thousand ($100,000) Dollars to the PECONIC LANDING EMPLOYEES APPRECIATION FUND, located in Greenport, New York, for the unrestricted use by the Fund Directors to be used for the purposes of the FUND.”
Relevant Statute
Section 3-3.2 of the Estates, Powers and Trusts Law provides, in pertinent part:
“§ 3-3.2 Competence of attesting witness who is beneficiary; application to nuncupative will
“(a) An attesting witness to a will to whom a beneficial disposition or appointment of property is made is a competent witness and compellable to testify respecting the execution of such will as if no such disposition or appointment had been made, subject to the following:
“(1) Any such disposition or appointment made to an attesting witness is void unless there are, at the time of execution and attestation, at least two other attesting witnesses to the will who receive no beneficial disposition or appointment thereunder.
“(2) Subject to subparagraph (1), any such disposition or appointment to an attesting witness is effective unless the will cannot be proved without the testimony of such witness, in which case the disposition or appointment is void.”
Issue Presented
The record reflects that all three attesting witnesses to the execution of the will were staff employees of Peconic Landing at Southold, Inc., at the time of the execution of the will.
*481 The issue presented is whether, under this will, the bequest under Article FIFTH to the “Fund” constitutes a “beneficial disposition” to the attesting witnesses.
Discussion
Regarding the “Fund,” counsel for petitioner submitted to the court the “Peconic Landing Resident Handbook,” which provides:
“As Peconic Landing has established a NO TIPPING POLICY, residents may show their appreciation for good service by contributing to the Employee Appreciation Fund. Please see the ‘Tipping/ Gratuities’ section. Monies donated to this fund are distributed to staff, typically at the end of the year, based on a fair and equitable plan approved by a resident committee. Residents may contribute to this fund at any time during the year. All donations are kept confidential.” (Emphasis added.)
From the above, as all three witnesses are members of the class of people who may benefit from the Employee Appreciation Fund, there was a “beneficial disposition” to them. For this reason, pursuant to EPTL 3-3.2 (a) (1) and (2), the bequest under Paragraph FIFTH is void.
Movant frames the issue as one in which the renunciation of this specific bequest by the three attesting witnesses is disposi-tive. This is not the case. As stated in Matter of Raskin (Corsi) (270 App Div 451, 453 [1946], citing Sloat v Rochester Taxicab Co., 177 App Div 57 [1917]),
“The whole theory of tipping, as at present understood in the usual practice, is a payment made in order to get reasonable service, and is an exaction made or permitted by the employer so that his patrons shall help him pay the wages which are fairly due from him to his employee.” (Emphasis added.)
Such is the case here. The court is “cognizant of the fact that the employer and not the employee only is the recipient of the benefit of the tip” (Raskin at 453 [emphasis added]). The “beneficial disposition or appointment of property” (EPTL 3-3.2 [a]) to the attesting witnesses is one that inures, in large part, to the employer, Peconic Landing, which is obvious from the position it is now taking by filing the instant motion. The alleged renunciations of the three employee witnesses (which have never been filed with the court) are, therefore, irrevelant.
*482 Of further concern to the court is the adoption of movant’s proposed remedy for preserving the bequest, i.e., a renunciation by the witnesses to their share of the bequest. Because the interest is in the fund and not just this particular bequest, any number of arrangements could provide opportunities for abuse that would be incapable of being policed since, pursuant to the Peconic Landing Resident Handbook, the distribution of fund proceeds is left to the plan approved by a resident committee. In short, had appropriate statutory procedures been followed, the will would have been witnessed by completely disinterested persons, a practice that is not burdensome and yet insures that the bequest is untainted. Such is the purpose of the statute.
Conclusion
Accordingly, as discussed above and pursuant to EPTL 3-3.2 (a) (1) and (2), it is ordered that the bequest under Paragraph FIFTH is void; and it is further ordered that the motion of Peconic Landing at Southold, Inc., to vacate this court’s December 14, 2012, decree is denied.