607 A.2d 1116

**David H. ADAMS, Appellee,**

v.

**Karen A. ADAMS, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 29, 1992.

Filed May 19, 1992.

Vivian M. Appel, Bethlehem, for appellant.

Edward J. Zamborsky, Allentown, for appellee.

Before CIRILLO, DEL SOLE and KELLY, JJ.

DEL SOLE, Judge:

Karen Adams appeals from the trial court order upholding the validity of a post nuptial separation and property settlement agreement which provided for distribution of the majority of the marital property to her husband. Finding no abuse of discretion or error of law, we affirm.

Karen Adams and David Adams were married in 1964; Mr. Adams began a construction and real estate business and Mrs. Adams remained at home and raised their four children, as well as assisted her husband with bookkeeping and decisions pertaining to his businesses. In 1977, Mrs. Adams obtained employment as a part-time volleyball coach, and in 1980 she became a full-time employee of Lehigh University, initially as a tennis instructor and as associate athletic director at the time of the separation. In 1987, following the termination of a five year homosexual relationship which she had concealed from her family, friends and co-workers, Mrs. Adams realized her marriage was in trouble and began therapy with Dr. Amy Miller–Cohen, a licensed psychologist. After an unsuccessful attempt to salvage their marriage, the parties separated in the spring of 1987 and Mrs. Adams left the marital residence. Mrs. Adams continued to see her therapist. Late in 1987, during one of the counseling sessions at which Mr. Adams was present, he asked his wife, "What do you want?" Mrs. Adams responded by writing on a sheet of paper that she wanted the house where she was living, the car she was driving, joint bank accounts and a computer. She handed the note to her husband, who subsequently took it to his attorney. Mr. Adams' attorney drafted the agreement at issue, but did not review it with the parties. He did meet with them to confirm that the note did embody Mrs. Adams' desires regarding the separation agreement; she indicated that it did. Mr. Adams' attorney informed Mrs. Adams that he could not represent her in this matter, and did not advise

her of her statutory rights under the Divorce Code of 1980. Although Mrs. Adams' counselor strongly urged Mrs. Adams to seek legal counsel on her own, Mrs. Adams signed the agreement without ever consulting an attorney. She did retain counsel in 1988, when the parties filed for divorce. Her counsel filed an Answer and Counterclaim for equitable distribution on her behalf. Mr. Adams engaged new counsel, who filed an Answer to the counterclaim asserting the Agreement.

On appeal, Mrs. Adams is claiming that the post nuptial separation and property settlement agreement is invalid because there is no reasonable provision for her, there is no full and fair disclosure of the parties' worth nor of the statutory rights being relinquished, and she did not possess the capacity to contract at the time she signed the agreement.

In regard to Appellant's claim that a property settlement agreement make reasonable provision for the spouse in order to be valid and enforceable, *In re Estate of Geyer*, 516 Pa. 492, 533 A.2d 423 (1985), we note the decision of this state's supreme court in *Simeone v. Simeone*, 525 Pa. 392, 581 A.2d 162 (1990). *Simeone* dealt with the validity of a prenuptial agreement; however, the same principles apply to both antenuptial and postnuptial agreements. *Nitkiewicz v. Nitkiewicz*, 369 Pa.Super. 504, 535 A.2d 664, n. 2 (1988), *citing In re Ratony's Estate*, 443 Pa. 454, 277 A.2d 791 (1971). The *Simeone* court discarded the approach of *Geyer* that permitted examination of the reasonableness of prenuptial agreements; therefore, Appellant's contention that the agreement did not make reasonable provision for her is without merit, as the reasonableness of such an agreement is not a proper subject for judicial review. *Simeone*, 525 Pa. at 400–01, 581 A.2d at 166.

Appellant also claims that the agreement failed to make full and fair disclosure of the parties' worth and of the statutory rights being relinquished. This requirement has been retained, and absent this disclosure, "a material

misrepresentation in the inducement for entering a prenuptial agreement may be asserted." *Karkaria v. Karkaria,* 405 Pa.Super. 176, 592 A.2d 64 (1991), *citing Simeone v. Simeone,* 525 Pa. at 402–03, 581 A.2d at 167. It is well settled that the disclosure need not be exact, so long as it is "full and fair," *Id.,* and does not "obscure the general financial resources of the parties." *Nigro v. Nigro,* 371 Pa.Super. 625, 631, 538 A.2d 910, 914 (1988), *citing In re Estate of Geyer,* 516 Pa. at 502, 533 A.2d at 427. In the instant case, the fact that Appellant was involved in her husband's business supports to the trial court's conclusion that she was "an intelligent woman who had sufficient knowledge of her husband's business for there to have been full and fair disclosure" at the time the agreement was executed. Opinion, Simpson, J. p. 8. Additionally, a review of Appellant's depositions reveals that Appellant displayed knowledge of the parties' general financial resources. Therefore, we hold that the trial court did not err in finding that Appellant was fully and fairly aware of the marital estate.

■■■ Appellant also challenges the agreement on the basis that she did not receive full and fair disclosure of her legal rights under the Divorce Code. *Geyer* requires that there be evidence that the parties are aware of the statutory rights they are relinquishing, in addition to disclosure of their financial status, in order for there to be "full and fair" disclosure. *Id.* 516 Pa. at 506, 533 A.2d at 429. The agreement clearly mentions Appellant's rights to equitable distribution, support, alimony and/or maintenance on the first page. It also mentions alimony pendente lite and counsel fees as rights discharged by the agreement. The fact that Appellant chose not to hire an attorney to clarify any misunderstanding she may have had concerning the agreement is of no consequence. Contracting parties are normally bound by their agreements, without regard to whether the terms thereof were read and fully understood and irrespective of whether the agreements embodied reasonable or good bargains. *Simeone v. Simeone,* 525 Pa.

392, 581 A.2d 162 (1990), *citing Standard Venetian Blind Co. v. American Empire Insurance Co.*, 503 Pa. 300, 305, 469 A.2d 563, 566 (1983). "To impose a *per se* requirement that parties entering a prenuptial agreement must obtain independent legal counsel would be contrary to traditional principles of contract law, and would constitute a paternalistic and unwarranted interference with the parties' freedom to enter contracts." *Simeone*, 525 Pa. at 401, 581 A.2d at 166. Therefore, we find that based upon the facts, the trial court correctly concluded that adequate disclosure of the parties' statutory rights had been made.

Finally, Appellant asserts that she did not possess the capacity to contract at the time she signed the agreement, and that she signed it under the duress of her husband. Duress has been defined as:

That degree of restraint or danger, either actually inflicted or threatened and impending, which is sufficient in severity or apprehension to overcome the mind of a person of ordinary firmness ... Moreover, in the absence of threats of actual bodily harm there can be no duress where the contracting party is free to consult with counsel.

*Hamilton v. Hamilton*, 404 Pa.Super. 533, 591 A.2d 720, 721 (1991), *citing Carrier v. William Penn Broadcasting Company*, 426 Pa. 427, 431, 233 A.2d 519 (1967).

In the matter before us there is no evidence of physical threats made to Appellant by her husband, so her contention that her husband played on her guilt and threatened her job, without more, is insufficient to void the agreement when she was free to retain independent counsel at all times during the proceedings. In regard to her claim of lack of capacity, Appellant has not proven that she suffered from mental weakness so great that she was unable to comprehend the contract, nor has she proven the existence of imposition or undue influence by her husband. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986). Rather, she chose to enter into the agreement uncounselled, and any igno-

rance or alleged lack of capacity on her part cannot provide a basis for her to avoid the agreement. Accordingly, we affirm the order of the trial court.

Order affirmed.