**Richard G. HAMMAR, Appellant,**

v.

**Teresa K. HAMMAR, Appellee.**

Superior Court of Pennsylvania.

Argued April 16, 1998.
Filed Aug. 7, 1998.

Heather J. DiMasi, Erie, for appellant.

Edward J. Niebauer, Erie, for appellee. (Submitted).

Before DEL SOLE, TAMILIA and EAKIN, JJ.

EAKIN, Judge:

Richard G. Hammar ("Husband") appeals an order granting Teresa K. Hammar's ("Wife") Petition to Void Settlement Agreement. We are obliged to quash.

The parties are currently in the process of divorce proceedings; to date, no decree in divorce has been entered. On May 27, 1997, the parties entered into a marital settlement agreement. On June 6, 1997, Wife filed a petition to void the agreement alleging it was signed under duress, Husband used undue influence over her, and she was under the care of a physician, taking several prescription medications which resulted in her being in a weakened state of mind. After a hearing, the trial court granted Wife's petition, and directed the parties to proceed to the divorce master in the event a settlement was not reached within ninety days. Husband filed a motion for reconsideration of that order, but before the trial court ruled on his motion, he filed a Notice of Appeal to this court.

▆ Generally, interim orders dealing with economic issues in a divorce are not appealable until a final decree has been entered, so as to prevent piecemeal litigation. *Fried v. Fried,* 509 Pa. 89, 97, 501 A.2d 211, 215 (1985). However, in *Nigro v. Nigro,* 371 Pa.Super. 625, 538 A.2d 910 (1988), we carved out a limited exception to this rule, holding an order which upholds a marital agreement is final and appealable if it precludes the dependent spouse from raising further economic claims. *Id.* at 630, 538 A.2d at 912–13.

Husband claims this appeal is proper, citing *Mormello v. Mormello,* 452 Pa.Super. 590, 682 A.2d 824 (1996). However, in *Mormello,* we again entertained an appeal from an order upholding a marital agreement, not voiding one. *Id.* at 602, n. 1, 682 A.2d at 829, n. 1, citing *Adams v. Adams,* 414 Pa.Super. 634, 607 A.2d 1116 (1992) (also entertaining an appeal from an order upholding a marital agreement). The present order vacated the marital agreement, making Husband's reliance on *Mormello* misplaced.

Neither Husband or Wife have been placed out of court. Because the marital agreement has been found to be invalid, the economic claims will go forward, and the reasons for allowing an appeal in *Nigro, supra, Adams, supra* and *Mormello, supra,* does not exist here.

▆ We hold an interim order which invalidates a marital agreement is interlocutory and unappealable. Accordingly, we must quash this appeal.

Appeal quashed.