J-A04027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| WILLIAM F. KREMPASKY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BARBARA J. KREMPASKY, | |
| Appellant | No. 993 WDA 2014 |

Appeal from the Order Dated May 30, 2014
In the Court of Common Pleas of Westmoreland County
Civil Division at No(s): 0430 of 2012-D

BEFORE:  BOWES, OLSON AND STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:               **FILED FEBRUARY 27, 2015**

Appellant, Barbara J. Krempasky ("Wife"), appeals from the order entered on May 30, 2014.  After careful review, we are constrained to vacate the trial court's order.

The trial court accurately outlined the factual background of this case as follows:

> The parties married on April 7, 1990.  William F. Krempasky ([] "Husband") was first hospitalized to treat colon, rectal, and prostate cancer from September 10, 2011 through October 21, 2011.  Husband was again treated from October 31, 2011 through November 18, 2011.  From September 10, 2011 to November 22, 2011, Husband gave [Wife] access to his individual checking account in order to enable her to pay for household utilities and the monthly mortgage on the marital residence. While Husband was hospitalized and Wife had access to his individual checking account, Husband received a bank check in the amount of [$8,000.00] representing his share of the estate of his late uncle, George Krempasky.  Husband had no knowledge of receiving this inheritance check.

* Retired Senior Judge assigned to the Superior Court.

Husband was released from the hospital on November 18, 2011. Unable to return to the marital residence, Husband lived with Michele Krempasky-Proctor, his daughter. Michele Krempasky-Proctor is not a natural child of Wife. Wife did not provide any aftercare for [] Husband and resided separately from him after his release from the hospital. Around November 21, 2011, Husband was contacted by the mortgage holder for the marital residence and was informed that the mortgage was two months delinquent. Husband investigated the bank activity for his individual banking account, the same account that Wife had access to during Husband's hospitalizations, and discovered that Wife deposited the inheritance check on November 15, 2011. Husband further discovered that Wife immediately transferred [$4,000.00] to another account that only she had direct access to. On November 22, 2011, Husband attempted to freeze his banking account and discovered that Wife had withdrawn an additional [$4,000.00]. Husband went to the marital residence to discuss his recent bank history with Wife. When Husband arrived at the marital residence, he found a note which acknowledged the second withdrawal of $4,000[.00] and his check book. Wife vacated the marital residence on January 1, 2012 and Husband and Wife officially separated on February 2, 2012.

Trial Court Opinion, 7/24/14, at 1-2.

The procedural history of this case is as follows. On March 6, 2012, Husband filed a complaint in divorce. After the divorce complaint was filed, Husband did not file any further pleadings in the divorce proceeding except a certificate of service of the complaint. In December 2013, the parties' marital residence was sold. The net proceeds, $18,530.92, were placed into an escrow account. On April 22, 2014, Husband passed away. On June 3, 2014, Husband's counsel filed a petition for special relief. That petition sought (1) to require Wife to pay $9,275.00 for Husband's funeral expenses; (2) to require that Wife designate Husband's children as beneficiaries of a

life insurance policy; (3) the release of $8,000.00 from the escrow account for alleged misappropriations made by Wife; and (4) that Husband's counsel be permitted to release the remaining escrow funds to Wife and Husband's heirs in proportion to their share of the marital residence. On May 30, 2014, the trial court granted in part and denied in part Husband's petition. It ordered $8,000.00 be released from escrow and paid directly to the funeral home to cover in part, Husband's funeral expenses. It further ordered that all remaining proceeds in the escrow account be released to Wife. All other relief was denied. This timely appeal followed.[1]

Wife presents one issue for our review:

Did the trial court err or abuse its discretion by considering and ultimately granting in part Husband's [m]otion for [s]pecial [r]elief when the trial court no longer had jurisdiction to consider the economic issues of the divorce due to the death of one of the parties?

Wife's Brief at 2.

Whether the trial court possessed jurisdiction is a pure question of law and therefore our standard of review is *de novo* and our scope of review is plenary. *See Burke ex rel. Burke v. Independence Blue Cross*, 103 A.3d 1267, 1270 (Pa. 2014) (citations omitted). As this Court has explained:

---

[1] On June 17, 2014 the trial court ordered Wife to file a concise statement of errors complained of on appeal ("concise statement"). *See* Pa.R.A.P. 1925(b). On July 7, 2014, Wife filed her concise statement. On July 24, 2014, the trial court issued its Rule 1925(a) opinion. Wife's lone issue on appeal was included in her concise statement.

Pennsylvania courts have long held that an action in divorce abates upon the death of either party. The rationale for this principle is that an action in divorce is personal to the parties and upon the death of either party, the action necessarily dies. The primary purpose of divorce is to change the relation of the parties and when the death of a party occurs, that purpose can no longer be achieved because the marital relationship has been ended by death.

It is also well settled that equitable distribution of marital property may occur when a final decree in divorce has been entered and the court retains jurisdiction over ancillary matters properly raised by the parties. In this instance, the personal representative of the deceased spouse is substituted as a party and the action proceeds. However, until the [2005] amendments to the Divorce Code, if bifurcation had not occurred, then the economic claims were abated by death.

On January 28, 2005, the Divorce Code was amended to provide that a divorce action will not abate upon the death of a spouse, so long as the grounds for divorce have been established. Under the new subsection, if grounds for divorce have been established as set forth in 23 Pa.C.S.A. § 3323(g), then the parties' economic rights are determined under equitable distribution principles rather than the elective share provision of the Probate Code. . . . Under the new procedure, the death of a party does not abate the equitable distribution action regardless of whether a divorce has been granted, so long as the grounds for divorce have been established.

*Yelenic v. Clark*, 922 A.2d 935, 938–939 (Pa. Super. 2007) (footnotes and internal citations omitted).

Grounds for divorce can be established in three ways:

(1) In the case of an action for divorce under section 3301(a) . . . the court adopts a report of the master or makes its own findings that grounds for divorce exist.

(2) In the case of an action for divorce under section 3301(c), both parties have filed affidavits of consent.

(3) In the case of an action for divorce under section 3301(d), an affidavit has been filed and no counter-affidavit has been filed or, if a counter-affidavit has been filed denying the affidavit's averments, the court determines that the marriage is irretrievably broken and the parties have lived separate and apart for at least two years at the time of the filing of the affidavit.

23 Pa.C.S.A. § 3323(g). In this case, Husband's complaint in divorce was filed under section 3301(a),(c), and (d). **See** Complaint, 3/6/12, at 1. Therefore, grounds for divorce could be established under section 3323(g)(1), (2), or (3).

As noted above, Husband did not file any pleading in the divorce after instituting the action other than a certificate of service. In other words, Husband did not file an affidavit of consent nor did he file an affidavit stating that the marriage was irretrievably broken. Furthermore, the trial court never found that Husband had established that Wife "[o]ffered such indignities to [Husband] as to render [his] condition intolerable and life burdensome." 23 Pa.C.S.A. § 3301(a)(6). Therefore, the grounds for divorce had not been established prior to Husband's death. Under our well-settled precedent, the divorce action therefore abated upon Husband's death.

Although the divorce action abated, the trial court believed it had jurisdiction to order $8,000.00 be released from escrow because it was allegedly non-marital property. **See** 23 Pa.C.S.A. § 3501(a)(3) (non-marital property includes "[p]roperty acquired by gift, except between spouses,

bequest, devise or descent or property acquired in exchange for such property."). Whether an inheritance is or is not marital property, however, is at the heart of equitable distribution – and therefore a divorce proceeding. **See Kensey v. Kensey**, 877 A.2d 1284, 1289 (Pa. Super. 2005) ("[T]he determination of what is marital property subject to equitable distribution, is just the first step in the equitable distribution process."). The trial court's determination that the inheritance was non-marital property, **see** Trial Court Opinion, 7/24/14, at 5, was therefore an attempt to exercise jurisdiction over the divorce proceeding. As the trial court did not have jurisdiction over the divorce proceeding – it had abated – the trial court did not have jurisdiction to determine if the inheritance was marital or non-marital property.

Husband argues that even if the divorce abated, the trial court had the inherent equitable power to direct that $8,000.00 be used to pay for his funeral expenses. The equitable power of courts hearing divorce actions, however, is not unlimited. **See Egan v. Egan**, 759 A.2d 405, 408 (Pa. Super. 2000). A trial court hearing a divorce action may only give equitable relief relating to the divorce action. For example, a trial court hearing a divorce proceeding would not have the equitable power to resolve a slip-and-fall case that had arisen between the two parties. Likewise, the trial court in this case did not have the equitable power to rule on a misappropriation claim that was first raised in Husband's petition for special

relief – filed after his death (and thus after the divorce proceeding abated). Accordingly, the trial court lacked jurisdiction over Husband's petition for special relief. We therefore vacate the trial court's order.

Order vacated.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/2015