**Jackman v. Jackman**

C.P. of Lawrence County, Nos. 10330 of 2011, C.A., 158 of 2011, D.R.

*Angelo A. Papa*, for plaintiff.
*John N. Demas*, for defendant.

HODGE, *J.*, March 13, 2015—Before the Court for disposition is Defendant's Motion to Address Marital/

Economic Issues. A brief summation of the relevant procedural and factual history of this case is summarized as follows:

The Plaintiff, Janice L. Jackman (hereinafter, "Wife") and the Defendant, Joseph R. Jackman (hereinafter, Husband") were married on May 20, 2000. Prior to their marriage, Plaintiff and Defendant entered into a comprehensive Ante-Nuptial Agreement, dated May 16, 2000, wherein the parties agreed to specific economic and procedural terms in the event of separation or divorce. On January 5, 2011, Husband and Wife did in fact separate, and on March 4, 2 011, Wife filed a Complaint in Divorce. Shortly thereafter, on March 18, 2011, Wife filed a Complaint for Support. The parties reached an interim agreement, whereby Husband agreed to pay Wife a single support payment in the amount of $500.00, and the parties agreed to continue discussions to resolve any outstanding economic issues.

On March 22, 2011, Wife filed an Amended Complaint in Divorce setting forth claims for Equitable Distribution, Alimony, Alimony Pendente Lite, and Counsel Fees and Expenses. All related hearings were postponed following the filing of Wife's Amended Complaint in Divorce as the parties attempted to reach a global settlement regarding the outstanding economic issues. Ultimately, the parties agreed to the appointment of an Equitable Distribution Master and that Wife was entitled to spousal support in the amount of $330.00 per month, retroactive to March 18, 2011. Prior to this case proceeding to an Equitable Distribution Hearing, Wife sent Husband a Notice of her intent to enforce the terms of the Ante-Nuptial Agreement entered into by the

parties on May 16, 2000. Thereafter, Husband motioned to cancel the equitable distribution proceedings, which request was granted by this Court. On September 15, 2014, Wife filed a Petition for Contempt. Following a hearing on November 10, 2014, counsel requested the Court to enter a determination regarding the enforceability of the Ante-Nuptial Agreement, and whether the parties, through their subsequent conduct, mutually rescinded the Agreement. Following the submission of briefs, the matter is properly before the Court for a determination.

In Pennsylvania, a settlement agreement between a husband and wife is governed by the law of contracts, unless the agreement itself provides otherwise. *Caccavo v. Caccavo*, 565 A.2d 1199 (1989); *Sonder v. Bonder*, 549 A.2d 155 (1988). The same contract principles which govern the validity and interpretation of postnuptial agreements are applicable to prenuptial agreements. *Adams v. Adams*, 607 A.2d 1116 (Pa. Super. 1992). The law of contracts in Pennsylvania is well settled, and the "intent of the parties to a written contract is to be regarded as being embodied in the writing itself, and when the words are clear and unambiguous, the intent is to be discovered only from the express language of the agreement." *Steuart v. McChesney*, 444 A.2d 659, 661 (Pa. 1982). "Absent fraud, misrepresentation, or duress, spouses should be bound by the terms of their agreements." *McMahon v. McMahon*, 612 A.2d 1360, 1363 (Pa. Super. 1992) (citations omitted). As such, a trial court may interpret a marital settlement agreement like a contract, but the court has neither the power nor the authority to modify or vary the decree unless there is conclusive proof of fraud or mistake. *Bianchi v. Bianchi*, 859 A.2d 511, 515 (Pa. Super. 2004).

Furthermore, when construing agreements involving clear and unambiguous terms, a trial court need only look to the writing itself to give effect to the parties' understanding. *Vaccarello v. Vaccarello*, 757 A.2d 909, 913-914 (Pa. 2000). A court may not modify the plain meaning of the words under the guise of interpretation. *Id.* A court must consider such contracts without reference to matters outside of the document, and must ascertain the parties' intentions when entering into the contract from the entire instrument. *Purdy v. Purdy*, 715 A.2d 473, 475 (Pa. Super.1998). Thus, the parties are bound "without regard to whether the terms were read and fully understood, irrespective of whether the agreements embodied reasonable or good bargains." *Sabad v. Fessenden*, 825 A.2d 682, 688 (Pa. Super. 2003).

After thoroughly reviewing the Ante-Nuptial Agreement, the Court turns to paragraph 18, as the Court finds this provision dispositive of the issues pending. Paragraph 18 provides:

*Modification.*

A modification or waiver of any of the provisions of this Agreement shall be effective only if made in writing and executed with the same formality as this Agreement. The failure of either party to insist upon strict performance of any of the provisions of this Agreement shall not be construed as a waiver of any subsequent default of the same or similar nature.

The evidence of record is void of any written agreement by the parties indicating a modification or waiver of the provisions of the Ante-Nuptial Agreement.

Rather, Husband argues that the conduct of the parties in proceeding with divorce litigation inferred their intent to disregard the Ante-Nuptial Agreement entered on May 16, 2000. Given the clear language contained in the agreement, however, the Court cannot make such an inference without a written agreement executed by the parties indicating as much. Furthermore, in proceeding to equitable distribution hearings, it can alternatively be argued that the parties intended to divide the marital estate consistent with paragraph 12 of the Ante-Nuptial Agreement. Thus, a clear intent to set aside their prior agreement cannot be inferred from the parties' past conduct.

To the extent that Wife's Amended Complaint in Divorce sets forth economic claims, which have been expressly waived in the Ante-Nuptial Agreement, any final economic Order of Court must preclude such an award.

Consistent with this Opinion, the Court will enter the following Order of Court:

## ORDER OF COURT

AND NOW, this 13th day of March, 2015, this matter being before the Court for a determination regarding the viability of the parties' Ante-Nuptial Agreement, with Angelo A. Papa, Esquire, appearing on behalf of the Plaintiff, Janice L. Jackman, and with John N. Demas, Esquire, appearing on behalf of the Defendant, Joseph R. Jackman, and consistent with the attached Opinion, the Court hereby ORDERS and DECREES as follows:

1. Plaintiff's Petition for Contempt, filed on September 15, 2014 is DISMISSED.

2. The Defendant's Motion to Address Marital/ Economic Issues is GRANTED as outlined in the corresponding Opinion and the following provisions of this Order of Court.

3. The Equitable Distribution Master shall schedule further proceedings at his earliest convenience for the purposes of issuing a recommendation regarding equitable distribution consistent with the terms of the Ante-Nuptual Agreement.

4. The Prothonotary shall properly serve notice of this Order of Court and Opinion upon counsel of record for the parties and upon Robert J. DiBuono, Esquire.