J. A20038/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

J.T.O. AND S.O.                 :        IN THE SUPERIOR COURT OF
                                      :            PENNSYLVANIA
            v.                :
                                        :
C.H.,                         :          No. 1854 MDA 2016
                                        :
           Appellant     :

Appeal from the Order Entered October 18, 2016,
in the Court of Common Pleas of York County
Civil Division at No. 2014-FC-001854-03

BEFORE: GANTMAN, P.J., PANELLA, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:         **FILED OCTOBER 06, 2017**

C.H. ("Father") appeals the October 18, 2016 order entered in the Court of Common Pleas of York County that adopted the stipulation adopting the amended custody order ("October 18th Order") signed by Father and appellees J.T.O. and S.O. (collectively, "Grandparents") as the order of custody of H.H. ("Child"). We are constrained to quash.

The record reflects that Grandparents are the parents of the Child's mother, M.H. ("Mother"), who passed away in November 2013. (Complaint for custody, 10/14/14 at 1, ¶¶ 1 & 3.) At the time of the Child's birth in May 2009, Father and Mother were married. (*Id.* at 1, ¶ 4.) Child lived with Father and Mother until Mother's death, at which time Child continued to live with Father. (*Id.*) On October 14, 2014, Grandparents filed a complaint for custody alleging that an award of custody to Grandparents would serve the

best interest and permanent welfare of Child because Grandparents have always had a significant presence in Child's life, it is in the Child's best interest to continue a relationship with Grandparents, and that Father has refused to permit Grandparents to have contact with Child. (*Id.* at 2, ¶ 10.) Grandparents' complaint for custody did not allege that Father is unfit to parent. Grandparents' complaint sought shared legal and physical custody of the Child. (*Id.* at 3.)

On December 3, 2014, the trial court entered an interim order for custody, pending trial, due to the parties' failure to reach an agreement at a pre-trial conciliation conference. (Interim order for custody, pending trial, 12/3/14.) The December 3, 2014 interim order awarded sole legal and physical custody of Child to Father and granted certain visitation rights to Grandparents. (*Id.* at 5.)

On June 16, 2015, Father filed a motion for reconsideration and emergency or special relief pursuant to Pa.R.Civ.P. 1915.4(e) that requested the trial court to reconsider the December 3, 2014 interim order and sought suspension of the Child's court-ordered overnight visits with Grandparents alleging that the Child was suffering from stress because he was "required and forced to spend overnight visits at [Grandparents'] residence]." (Father's motion for reconsideration and emergency or special relief pursuant to [Pa.R.Civ.P.] 1915.4(e), 6/16/15.) The trial court denied Father's motion the same day.

Subsequently, the trial court entered an order that scheduled the custody trial for October 18, 2016. Immediately preceding trial on October 18, 2016, Father filed a motion to dismiss proceeding that requested the trial court to "enter an order dismissing the Complaint as the statute granting standing to [Grandparents] in this matter at 23 Pa.C.S.A. § 5325(1) violates his Fourteenth Amendment rights to due process and equal protection, as well as Article 1, §§ 1 and 26 of the Pennsylvania Constitution." (Father's motion to dismiss proceeding, 1/18/16.) On that same date, the parties entered into a stipulation adopting an amended custody order. (Stipulation adopting amended custody order, 10/18/16; *see also* notes of testimony, 10/18/16 at 3-10.) In that stipulation, the parties agreed to change the terms of the December 3, 2014 interim custody order "pending resolution of the intended Petition for Permission of Appeal" of Father. (*Id.* at 1, paragraph 3.) The parties also stipulated that prior to trial, Father "raised questions regarding the constitutionality of the Domestic Relations Code relative to standing and its anti-relocation provisions." (*Id.* at ¶ 1; *see also* notes of testimony, 10/18/16 at 4-7.) The parties further stipulated that the trial court acknowledged its opinion:

> as authorized pursuant to 42 Pa.C.S.A 702(b)[1] that said constitutional issues which had been raised by [Father] involve controlling questions of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order

---

[1] Pa.C.S.A. § 702(b) permits a trial court to certify an interlocutory order for appeal.

> may materially advance the ultimate determination of this matter regarding the rights of [G]randparents' visitation.

*Id.* at ¶ 2; *see also* notes of testimony, 10/18/16 at 4-10. The trial court then entered the October 18th Order, which is the order Father now appeals from.

Father filed a timely notice of appeal to this court, followed by an amended notice of appeal and a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2). The trial court then filed a "statement of lower court pursuant to 1925(a)(2)(ii) of the Pennsylvania Rules of Appellate Procedure" stating that the reasons for entry of the October 18th Order are set forth in the stipulation adopting amended custody order. (Statement of lower court pursuant to Rule 1925(a)(2)(ii) of the Pennsylvania Rules of Appellate Procedure, 11/23/16.[2])

By ordered entered December 6, 2016, this court ordered Father to show cause, within ten days of the date of the order, as to why this appeal should not be quashed as having been taken from an interlocutory, nonappealable order. Father's response was docketed in this court on December 19, 2016, which was three days late. On January 4, 2017, this court entered a *per curiam* order that discharged the show-cause order and referred the issue of appealability to this merits panel.

---

[2] We note that on November 23, 2016, the trial court also entered an order dismissing Father's October 18, 2016 motion to dismiss proceeding. (Order dismissing motion, 11/23/16.)

Father contends that the October 18th Order is a final order pursuant to Pa.R.A.P. 341(a)(1). (Answer of Father to order to show cause dated December 6, 2016, 12/19/16.) It appears as though Father's response to the rule to show cause contains typographical errors with respect to the subsection of the rule that Father relies upon because Rule 341(a) does not contain a subsection (1). Father, however, contends that the trial court's October 18th Order "disposed of all claims of all parties, and therefore, is a final order." (*Id.* at unnumbered page 4, ¶ 22.) As such, Father necessarily relies on Rule 341(b)(1) which defines a final order as any order that "disposes of all claims and of all parties." *See* Pa.R.A.P. 341(b)(1).

In *Kassam v. Kassam*, 811 A.2d 1023 (Pa.Super. 2002), we stated:

> Generally, "a custody order will be considered final and appealable only after the trial court has completed its hearings on the merits and the resultant order resolves the pending custody claims between the parties." *G.B. v. M.M.B.*, 448 Pa.Super. 133, 670 A.2d 714, 715 (Pa.Super. 1996) (quashing appeal as interlocutory where order allowing father partial custody pending completion of hearings contemplated additional hearing on ultimate issues in the case). In the context of finality of orders, we recognize the uniqueness of custody orders compared to orders in other civil actions. *Id.* 670 A.2d at 718 n.9.
>
> > Child custody orders are temporary in nature and always subject to change if new circumstances affect the welfare of a child. The Commonwealth has a duty of paramount importance, to protect the child's best interests and welfare. To that end, it may always entertain an

> application for modification and adjustment of custodial rights.
>
> *Id.* (citations omitted). . . .

*Id.* at 1025.

In *Kassam*, we then set forth various cases contained in *G.B.*, 670 A.2d 714, that addressed the appealability of custody orders and concluded that "a custody order will be considered final and appealable only if it is both: 1) entered after the court has completed its hearings on the merits; and 2) intended by the court to constitute a complete resolution of the custody claims pending between the parties." *Kassam*, 811 A.2d at 1027, quoting *G.B*., 670 A.2d at 721 (emphasis omitted).

Here, the October 18th Order is not a final, appealable custody order. First, prior to entry of this order, the court did not conduct a hearing on the merits to determine the best interest of the Child by considering all relevant factors set forth in 23 Pa.C.S.A. § 5328. Second, the language of the underlying stipulation contemplates the expectation of the trial court, and, for that matter, the expectation of the parties, that additional proceedings will occur; specifically, the stipulation states that the "new custody order [is] to be effective October 18, 2016, pending resolution of [Father's appeal]." (October 18th Order, at 1, ¶ 3). Therefore, the October 18th Order does not satisfy the test for appealability of a custody order as set forth in *Kassam* and is, therefore, a nonappealable, interlocutory order.

Finally, we note that although the trial court appears to have certified for appeal Father's constitutional challenges in its October 18th Order pursuant to 42 Pa.C.S.A. § 702(b), Father failed to perfect his appeal because he failed to file a petition for permission to appeal as required by Pa.R.A.P. 1311(b), and therefore, this appeal could not be considered under Pa.R.A.P. 312. ***See Kensey v. Kensey***, 877 A.2d 1284, 1288 (Pa.Super. 2005) (reiterating that a permissive appeal from a certified interlocutory order will be quashed if appellant fails to file a petition for permission to appeal).

Appeal quashed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2017