J-S09011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KIRK J. ALCORN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERESA E. ALCORN | : | No. 534 WDA 2018 |

Appeal from the Decree Entered May 14, 2018
In the Court of Common Pleas of Allegheny County
Family Court at No(s): Case No FD-16-003835

| | | |
|---|---|---|
| KIRK J. ALCORN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERESA E. ALCORN | : | |
| | : | |
| Appellant | : | No. 627 WDA 2018 |

Appeal from the Decree Entered May 14, 2018
In the Court of Common Pleas of Allegheny County
Family Court at No(s): FD-003835

BEFORE: PANELLA, P.J., LAZARUS, J., and STRASSBURGER*, J.

MEMORANDUM BY PANELLA, P.J.: **FILED AUGUST 23, 2019**

Kirk J. Alcorn ("Husband") appeals from the resolution of the economic

issues in his divorce from Teresa E. Alcorn ("Wife").[1] Wife cross-appeals,

---

* Retired Senior Judge assigned to the Superior Court.

[1] Both Husband and Wife purported to appeal from the March 20, 2018 order resolving the parties' exceptions to the master's recommendations. The March

raising her own challenges to the resolution of the economic issues involved. After careful review, we quash the appeal.

Given our resolution of this appeal, a full recounting of the procedural and factual background is unnecessary.

Briefly, after reviewing the evidence presented by the parties, the equitable distribution master recommended that Husband receive 55% of the marital estate and determined that a parcel of real estate owned by the parties ("the Kittanning property") would be valued at $150,000. Both parties filed exceptions to the master's recommendations. The trial court partially sustained three of Husband's exceptions and dismissed Wife's exceptions. Importantly, the trial court found that neither party presented credible evidence of the value of the Kittnanning property and therefore remanded the case to the master for a re-hearing on this issue. These appeals followed.

Before addressing the merits of the parties' claims, we must first determine the appealability of the divorce decree. *See Kensey v. Kensey*, 877 A.2d 1284, 1286-87 (Pa. Super. 2005). We may raise this issue *sua sponte*, as the issue concerns our jurisdiction over the appeal. *See id*. "Under

_____

20th order was not a final, appealable order. *See Leister v. Leister*, 684 A.2d 192, 195 (Pa. Super. 1996) (*en banc*). In response to this Court's rule to show cause, Husband caused the trial court to enter a divorce decree in this matter on May 14, 2018, in an attempt to perfect our jurisdiction. *See Dean v. Bowling Green-Brandywine*, 192 A.3d 1177, 1182 n.3 (Pa. Super. 2018), *allowance of appeal granted on other grounds*, 203 A.3d 973 (Pa. 2019). However, as discussed more fully below, even the divorce decree did not constitute a final, appealable order.

Pennsylvania law, an appeal may only be taken from an interlocutory order as of right (Pa.R.A.P. 311), from a final order (Pa.R.A.P. 341), from a collateral order (Pa.R.A.P. 313), or from an interlocutory order by permission (Pa.R.A.P. 31[2], 1311, 42 Pa.C.S.A. § 702(b))." *Id*., at 1287 (brackets in original) (citation omitted).

The March 20 order requires the parties "to obtain an appraisal or to obtain a joint appraisal" of the Kittanning property and further remands the action back to the master "for a determination of [that property's] value[.]" Trial Court Order, 3/20/18, at 1. The May 14 divorce decree states that the trial court "retains jurisdiction of any claims raised by the parties to this action for which a final order has not yet been entered." Divorce Decree, 5/14/18, at 2.

There is nothing of record to establish that this is an appeal pursuant to Pa.R.A.P. 311, 312, or 313. Therefore, the only pathway for the parties' appeals would be in response to the entering of a final order by the trial court. Pa.R.A.P. 341(a) defines a final order as one that "disposes of all claims and of all parties." The certified record indicates that the trial court entered an order on August 7, 2018, directing the parties to schedule a new hearing after they had obtained appraisals of the Kittanning property. However, the record does not indicate that this hearing has ever been held. Accordingly, the divorce decree is not an appealable order, and we have no jurisdiction to entertain this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/23/2019