J-A18041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| W.S. AND E.S. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| M.S. AND J.S. | : | |
| _____ | : | |
| M.S. | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| J.S. | : | |
| | : | |
| | : | |
| APPEAL OF: J.S. | : | No. 245 WDA 2019 |

Appeal from the Order Entered January 11, 2019
in the Court of Common Pleas of Allegheny County
Family Court at No(s):  FD-17-009101

BEFORE:  BOWES, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:              **FILED SEPTEMBER 30, 2019**

J.S. appeals from the Order denying her Motion for Recusal in the underlying custody action.  We dismiss the appeal.

The trial court thoroughly set forth the relevant factual and procedural history underlying this appeal in its Opinion, which we incorporate as though fully set forth herein.  *See* Trial Court Opinion, 4/2/19, at 1-11.

On appeal, J.S. raises the following issues for our review:

I. Did the trial court abuse its discretion when it failed to recuse itself where substantial doubt exists as to [the trial judge's] ability to preside fairly and impartially?

II. Did the trial court err and abuse its discretion when it denied [J.S.'s] Motion for Recusal without a hearing?

Brief for Appellant at 5.

Before we may entertain the merits of J.S.'s underlying claims, we must first determine whether this Court has jurisdiction to consider the appeal. *See Murphy v. Int'l Druidic Soc'y*, 152 A.3d 286, 289 (Pa. Super. 2016) (stating that "the appealability of an order goes directly to the jurisdiction of the Court asked to review the order." (internal citation and quotation marks omitted)); *see also Commonwealth v. Davis*, 176 A.3d 869, 873 (Pa. Super. 2017) (recognizing that this Court may raise the issue of jurisdiction *sua sponte*).

"As a general rule, only final orders are appealable, and final orders are defined as orders disposing of all claims and all parties." *Haviland v. Kline & Specter, P.C.*, 182 A.3d 488, 492 (Pa. Super. 2018) (internal citations and quotation marks omitted). However, an appeal may also be taken from an interlocutory order as of right, an interlocutory order by permission, or a collateral order. *See Kensey v. Kensey*, 877 A.2d 1284, 1287 (Pa. Super. 2005).

In its Opinion, the trial court addressed whether the Order from which J.S. seeks to appeal falls within any of the above-mentioned categories of orders over which this Court has jurisdiction. *See* Trial Court Opinion, 4/2/19, at 11-17. We incorporate the trial court's cogent analysis as though fully set forth herein. *See id.* The trial court emphasized the following:

- [T]he [r]ecusal Order has not been labeled or deemed to be final or requiring an immediate appeal. Nor does it dispose of all claims and parties. … [N]one of the [c]ourt's [O]rders have been intended to constitute a complete resolution of the custody claims pending between the parties;

- The [r]ecusal Order does not fall within the scope of [interlocutory orders appealable as of right] … under [Pa.R.A.P.] 311…;

- The [r]ecusal Order does not contain the requisite language … necessary for the Superior Court to invoke jurisdiction [for an interlocutory appeal by permission] pursuant to 42 Pa.C.S.[A.] § 702(b);

- The Superior Court has held that the denial of a pre-trial motion to recuse does not fit into … [Pa.R.A.P.] 313 [(governing appealable collateral orders)].

*Id.* at 11-12, 16, 17 (internal citations and quotation marks omitted).

Because this Court does not have jurisdiction to entertain an appeal from the trial court's Order, we must dismiss the appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/30/2019

- 3 -